UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Abdul Jabbar,                                                    Civ. No. 12-2460 (PAM/AJB)

            Plaintiff,

v.                                                      **MEMORANDUM AND ORDER**

Contengency Work Force,[1] Aaron
Pouncy, Carmen Colombo, Dick
Voss, and Dan Gryzinski,

           Defendants.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Arthur J. Boylan dated March 4, 2013. In the R&R, Chief Magistrate Judge Boylan recommends granting Defendants' motion for judgment on the pleadings and dismissing the Complaint with prejudice.

The Court must conduct a de novo review of all portions of a Magistrate Judge's R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); D. Minn. L. R. 72.2(b). Plaintiff filed timely objections to the R&R. For the reasons that follow, the Court **ADOPTS** the findings and conclusions in the R&R (Docket No. 34).

The gist of Plaintiff's claims is that Defendants, who are contract food-service providers for the Minnesota Department of Corrections, failed in 2011 to provide Muslim inmates with food that complies with the dietary restrictions of Islam. The claims are brought under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1.

---

[1] The actual name of this Defendant is Contingency Work Force Solutions, Inc.

The R&R determined that Plaintiff had failed to exhaust his administrative remedies with regard to his RLUIPA claims. In his Objections, Plaintiff repeats his arguments regarding the merits of his claims, and contends that he attempted to exhaust the administrative remedies but his initial entreaties were ignored. He does not explain why he did not attempt to bring Defendants' failure to respond to his complaints to the attention of prison officials.

As the R&R explained, the exhaustion requirement is not merely a procedural hurdle, but rather is a jurisdictional prerequisite to suit in federal court. In other words, this Court cannot entertain a prisoner's lawsuit unless the claims in that lawsuit have been fully exhausted under the prison's administrative procedure requirements. Plaintiff does not dispute that he did not fully comply with Minnesota DOC's grievance appeal procedure, but contends that his initial complaint letters, to which there was no response, should suffice in this instance. Unfortunately for Plaintiff, that is not the law.

Plaintiff did not attempt to take an appeal, either from Defendants' response to his complaints or from their failure to respond to his complaints. His failure to comply with the DOC's full grievance policy means his claims here are not cognizable in federal court.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The R&R (Docket No. 34) is **ADOPTED**;

2. Defendants' Motion for Judgment on the Pleadings (Docket No. 19) is **GRANTED**; and

3. The Complaint (Docket No. 1) is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 1, 2013

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge